No. 825          November 14, 2024          241

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISRAEL ANTUNEZ GARCIA,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR01767; A180836

Beth M. Bagley, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant, who had previously been convicted as a juvenile of attempted first-degree robbery, attempted first-degree assault, and unlawful use of a weapon, appeals the trial court's order denying him conditional release under the "second look" statute, ORS 420A.203. Reviewing for substantial evidence, ORS 420A.203(6)(c), we affirm.

To be eligible for conditional release, a defendant has the burden to prove by clear and convincing evidence that they have been "rehabilitated and reformed"; that they would not pose a threat to the safety of the victim, the victim's family, or the community if released; and that they would comply with release conditions. ORS 420A.203(3)(k); ORS 420A.203(4)(a)(B). Here, the trial court addressed each of the statutory factors, ORS 420A.203(4)(b), and concluded that defendant's evidence of rehabilitation was outweighed by three factors: "The gravity of the loss, damage or injury caused or attempted, during or as part of the criminal act[s]," "[t]he manner in which" defendant committed the offenses for which he was convicted and sentenced, and defendant's history of misconduct and discipline during his imprisonment. ORS 420A.203(4)(b). Defendant contends that the trial court's findings were not supported by substantial evidence and that its ultimate conclusion was not supported by substantial reason because the court failed to connect it to those findings.

We summarize the factual findings most relevant to defendant's arguments. Defendant committed the criminal conduct when he was 15. He had a history of substance abuse, but had no prior criminal or delinquent behavior. ORS 420A.203(4)(b)(A), (B). Early in his custody, defendant had a serious disciplinary history, including at least five aggressive or assaultive incidents. In the latter portion of his custody, he was disciplined in connection with contraband on several occasions. ORS 420A.203(4)(b)(A).

Since his adjudication, defendant has graduated high school, enrolled in community college, and completed numerous trainings and programs. ORS 420A.203(4)(b)(F). He has engaged in and completed all of the rehabilitation programs available to him and has repeated some at his

own request. He has also completed all mental health and substance abuse treatment available to him and now acts as a facilitator and certified recovery mentor. ORS 420A.203(4)(b)(G). Defendant took responsibility for his past and future conduct, and while incarcerated he has made payments of $1,038.16 from his own funds toward the restitution imposed as part of his sentence. ORS 420A.203(4)(b)(H), (I).

The trial court considered, and placed particular weight on, the gravity of the injury to the victim that resulted from defendant's conduct. ORS 420A.203(4)(b)(D). The trial court found that the victim and his family remain fearful and concerned for their safety and that, although defendant was deemed to be at low risk to reoffend, predictions of his future conduct were ultimately "speculative." ORS 420A.203(4)(b)(K).

As noted, we review the trial court's findings for substantial evidence, ORS 420A.203(6)(c), and we conclude that the record contains substantial evidence to support the trial court's findings. The trial court's decision was also supported by substantial reason. *See Jenkins v. Board of Parole*, 356 Or 186, 201, 335 P3d 828 (2014) ("the substantial reason requirement is part of the substantial evidence standard of review" (emphasis omitted)). The court evaluated the nature of the crimes, the gravity of the harm, and defendant's disciplinary record and concluded that the evidence supporting defendant's rehabilitation was outweighed by those other factors. *See* ORS 420A.203(4)(b) (setting forth factors).

To be sure, the record would be sufficient for a different factfinder to come to a different result in light of defendant's commendable progress. But that result was not *compelled* by the record. *See State v. A. R. H.*, 371 Or 82, 102, 530 P3d 897 (2023) ("[O]ur task on review is to determine whether the only finding permitted by this record is that youth had proved that it was highly probable he had been rehabilitated and did not present a risk of [reoffending]."). Because the court's decision to deny defendant conditional release is supported by both substantial evidence and substantial reason, we affirm.

Affirmed.